UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RUDY H. YUSICO, et al., | Case No. 2:15-CV-1019 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendants Green Tree Servicing, LLC and Federal National Mortgage Association's (collectively "defendants") motion to dismiss. (Doc. # 9). *Pro se* plaintiffs Rudy H. Yusico and Corazon D. Yusico (collectively "plaintiffs") did not file a response, and the deadline to respond has now passed.

Also before the court is defendants' first request for judicial notice. (Doc. # 10).

Also before the court is defendants' motion to expunge lis pendens. (Doc. # 12). Plaintiffs did not file a response, and the deadline to respond has now passed.

Also before the court is defendants' second request for judicial notice. (Doc. # 13).

**I.      Background**

On or about May 2, 2006, plaintiffs obtained a mortgage with a principal balance of $394,500.00, secured by a deed of trust. The loan was transferred through multiple assignments, and defendants eventually foreclosed on plaintiffs' property. Plaintiffs allege that the assignments were improper and void, making the foreclosure on the property invalid. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

On April 27, 2015, plaintiffs filed a complaint in Nevada state court, asserting claims for civil conspiracy, wrongful foreclosure, and quiet title. On June 2, 2015, defendants removed the case to this court. (Doc. # 1). Defendants then filed the instant motions.

## II.     Legal Standard

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). However, the court will not automatically grant every unopposed motion.

Instead, the court must weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

## III.    Discussion

*a. Applicability of automatic stay*

On June 15, 2015, plaintiffs filed a "notice of bankruptcy filing and automatic stay" in this case. In that document, plaintiffs note that they filed a voluntary petition for bankruptcy protection on June 15, 2015. Based on that petition, plaintiffs suggest that an automatic stay applies in this case. (Doc. # 14).

Pursuant to 11 U.S.C. § 362(a), a bankruptcy petition triggers an automatic stay on proceedings "against the debtor." 11 U.S.C. § 362(a); *Hillis Motors, Inc., v. Hawaii Auto Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (citing 11 U.S.C. § 362(a)). However, "the automatic stay is inapplicable to suits *by* the bankrupt . . . ." *In re Merrick*, 175 B.R. 333, 337 (9th Cir. B.A.P. 1994) (emphasis in original); *see also In re White*, 186 B.R. 700, 704 (9th Cir. B.A.P. 1995) (noting that "the primary purpose of § 362 is not applicable to offensive actions by the debtor").

Plaintiffs initiated these proceedings. Accordingly, no automatic stay applies in this case. The court will therefore consider defendants' requests for judicial notice and decide the motions on the merits.

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

   b. *Requests for judicial notice*

In support of their motion to dismiss, defendants ask the court to take judicial notice of plaintiffs' deed of trust, recorded assignments of the deed of trust, and notices related to the foreclosure sale at issue. (Doc. # 10).

Defendants also ask the court to take judicial notice of two lis pendens recorded on plaintiffs' property, as well as online case search results attached to defendants' request. (Doc. # 13).

Plaintiffs do not oppose defendants' requests for judicial notice. Further, a number of these documents are matters of public record and are not subject to reasonable dispute. Accordingly, the court will grant defendants' requests for judicial notice. *See* Fed. R. Evid. 201(b)(2); Fed. R. Evid. 201(c)(2); *United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011).

   c. *Motion to dismiss*

Defendants first move to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants contend that plaintiffs lack standing to challenge assignments between third parties, among other arguments in support of dismissal. (Doc. # 9).

Having considered the motion and plaintiff's complaint in light of the *Ghazali* factors, the court will grant the motion. The court finds that the first three factors—the public's interest in expeditiously resolving this litigation, the court's interest in managing the docket, and the risk of prejudice to defendants—all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (holding that a presumption of injury arises from the occurrence of unreasonable delay). The remaining factors are outweighed by the arguments supporting dismissal.

Plaintiffs had an opportunity to respond to the instant motion to dismiss and failed to do so. While courts must construe *pro se* pleadings liberally, *pro se* litigants are held to the same standards as parties with attorneys and must comply with procedural rules. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Based on the foregoing, the court will grant defendants' motion to dismiss.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

    *d. Motion to expunge lis pendens*

Defendants also move to expunge the January 2, 2015, lis pendens on plaintiffs' property. According to defendants, the court should expunge the lis pendens because there is no pending action related to it. (Doc. # 12).

The court finds no evidence in the record of a pending action warranting the lis pendens at issue. Further, plaintiffs failed to respond to defendants' motion. Pursuant to District of Nevada Local Rule 7-2, the court will therefore grant the motion.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 9), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' first request for judicial notice, (doc. # 10), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to expunge lis pendens, (doc. # 12), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' second request for judicial notice, (doc. # 13), be, and the same hereby is, GRANTED. The notice of lis pendens recorded on January 2, 2015, is hereby EXPUNGED.

The clerk shall enter judgment accordingly and close the case.

DATED July 14, 2015.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**